OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN
COPY



GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Sexton
County Attorney
Orange, Texas

Dear Sir:

Opinion No. O-3728
Re: Whether county treasurer is
entitled to receive commis-
sion for the collection and
disbursement of Road Dis-
trict Funds in addition to
the maximum compensation of
$2,000.00 per year.

In your letter of June 29, 1941, you request our opinion in response to the following question:

"Is the County Treasurer of a county hav-
ing a population of 15,545, according to the
last Federal Census and a valuation of
$12,183,570.00, according to the last approved
tax roll, authorized to deduct a commission for
the collection and disbursement of Road District
Funds, in addition to the maximum compensation
of $2,000.00 per annum, provided for in Article
3943, R.C.S.?"

Article 3941, Revised Civil Statutes, reads as follows:

"The county treasurer shall receive com-
missions on the moneys received and paid out by
him, said commissions to be fixed by order of
the commissioners court as follows: For receiv-
ing all moneys, other than school funds, for
the county, not exceeding two and one-half per
cent, and not exceeding two and one-half per cent
for paying out the same; provided, that he shall
receive no commissions for receiving money from
his predecessor nor for paying over money to his
successor in office."

Honorable W. P. Sexton, Page 2


        By Article 3943, Revised Civil Statutes, as amended, the commissions allowed to the county treasurer of Orange County are limited to a maximum of $2,000.00 per year, none of the exceptions to that amount provided in said Article 3943 and in Articles 3943a and 3943b, Vernon's Annotated Civil Statutes, being applicable. While the county treasurer is made the custodian of the funds of road districts by Article 7520, Vernon's Annotated Civil Statutes, the provisions of Article 3941, as limited by Article 3943, are nowhere added to nor changed in anyrespect, the road district statutes containing no provision for additional compensation for the county treasurer. In our opinion No. 0-1450, a copy of which is enclosed herewith, we held that the county treasurer of San Saba County could not retain commissions out of the proceeds of the sale of road bonds after he had received the $2,000.00 maximum provided by Article 3943. We refer also to the cases of Red River County v. Graves, 288 S. W. 544, and Harris County v. Charlton, 243 S. W. 460. In our opinion your question should be answered in the negative.

        Kindly permit us to thank you for the comprehensive brief accompanying your request.

                                        Yours very truly

APPROVED JUL 23, 1941              ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers                By
                                            Glenn R. Lewis
FIRST ASSISTANT                               Assistant
ATTORNEY GENERAL

GRL:IM         APPROVED OPINION COMMITTEE BY BWB CHAIRMAN

ENCLOSURE